CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 02 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EVELYN L. MIDDLETON,    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,    *Defendant.* | CASE NO. 6:12-cv-00022<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the United States of America ("Defendant"). In its motion, Defendant contends that Evelyn Middleton ("Plaintiff") has failed to state a claim upon which relief can be granted. After reviewing Plaintiff's *pro se* complaint, and upon consideration of the briefs filed by the parties thus far, I find that Plaintiff has indeed failed to state a claim. Accordingly, a hearing on Defendant's motion to dismiss is unnecessary; for the reasons that follow, I will grant the motion.[1]

## I. BACKGROUND

The facts set forth in Plaintiff's complaint, which at this stage I must accept as true, are as follows. From an unspecified date in 2000 through an undisclosed date in 2002, Plaintiff worked at Centra Health in Lynchburg, Virginia. Through the course of her employment with Centra Health, Plaintiff evidently enrolled in a 403(b) retirement savings plan, the advisor for which was American General Financial Group ("American General"). Plaintiff states that, in October 2000,

---

[1] "In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing." W.D. Va. Civ. R. 11(b).

she received a quarterly financial statement regarding her plan, but she alleges it eventually proved to contain numerous errors. Plaintiff does not, however, elaborate with respect to precisely what those errors were. According to Plaintiff, she was advised of the errors in December 2000, but she does not mention by whom. Further, Plaintiff asserts that the errors went uncorrected for a period of 107 days. In light of her frustration, Plaintiff claims that she stopped all contributions to the plan in January 2001. In June 2001, Plaintiff filed a complaint with the United States Department of Labor in which she alleged breaches of fiduciary duties by Central Health and American General. According to Plaintiff, these two entities' deceit forced her to withdraw all of her money from the 403(b) plan in January 2002.

The remainder of Plaintiff's complaint is difficult to follow, but she appears to be alleging that the Department of Labor, at some point and for unspecified reasons, collected monies from her. Although Plaintiff fails to describe how these monies were obtained, she nevertheless claims that they are presently being held by the United States Department of the Treasury. Accordingly, Plaintiff seeks an order directing that these monies be released to her. Separately, Plaintiff requests that Defendant be ordered to release all records in its possession regarding complaints of fiduciary duty breaches made against Central Health, American General, "and others."[2]

---

[2] This case is preceded by a long line of attempts by Plaintiff to litigate against Defendant (as well as other entities and individuals) in the United States District Court for the Eastern District of Virginia. As outlined by Defendant in its brief supporting its motion, Plaintiff has had six cases that she originally filed in the Eastern District go on to be dismissed. In addition, Plaintiff filed a case in state court; however, Defendant removed the case to federal court in the Eastern District, and it, too, was subsequently dismissed. In December 2011, the Eastern District subjected Plaintiff to pre-filing review going forward. It is quite apparent that Plaintiff endeavors to skirt the imposition of pre-filing review in the Eastern District (and, no doubt, the total lack of receptiveness to her claims that she has encountered there) by filing her complaint here in the Western District. As I explain in this memorandum opinion, I agree with Defendant that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Plaintiff's complaint shall be dismissed without prejudice. While I am troubled by Plaintiff's persistence in asserting claims without adequate legal or factual foundation, and although I strongly caution Plaintiff to be judicious about filing future suits in this Court if they are as unsubstantiated as the instant matter, I decline, at this point, to grant the government's request that I impose the sort of pre-filing review that, though not presently necessary here, was clearly warranted in the Eastern District.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. DISCUSSION

Plaintiff brings her claim against Defendant under 28 U.S.C. § 2042, which, in pertinent part, provides:

> In every case in which the right to withdraw money deposited in court under [28 U.S.C. § 2041] has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such

> money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2042. "This code section governs the disbursement of registry funds that have languished 'for at least five years unclaimed,' and have thereby been forfeited to 'the Treasury in the name and to the credit of the United States.'" *In re Craig's Stores of Tex., Inc.*, 403 F.3d 522, 525 n.3 (5th Cir. 2005) (quoting 28 U.S.C. § 2042).

Plaintiff's complaint is devoid of any allegations that would indicate that, in connection with litigation, money to which she is entitled has been deposited with a court (and subsequently released to the Department of the Treasury). In her response brief in opposition to Defendant's motion to dismiss, Plaintiff contends that she recently won a default judgment against three Department of Labor officials. However, she only attaches to her brief a copy of her motion for default judgment in that state court action, not an actual judgment order. It is quite obvious that the submission of evidence that one has moved for a default judgment does not demonstrate that one actually obtained a default judgment.

Ultimately, neither the factual allegations of her complaint nor the arguments raised in her brief establish a claim to relief that is even remotely "plausible on its face." *Twombly*, 550 U.S. at 570. Indeed, Plaintiff concedes in her response brief that she "is unable to cite a statute that applies to this complaint." Instead, she simply protests that "she has provide [sic] this court with enough facts that would supports [sic] her claim . . . ." I disagree. Even after affording Plaintiff the liberal construction of her pleadings to which she is entitled by virtue of her *pro se* status, I find that dismissal of her complaint without prejudice is proper.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss shall be granted, and Plaintiff's case shall be struck from the Court's active docket.[3] An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this 2nd day of August, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] On July 26, 2012, Plaintiff filed an "amendment to Plaintiff's motion to continue." Given that I construed Plaintiff's "motion to continue" as her response brief in opposition to Defendant's motion to dismiss, the Clerk of the Court properly docketed this "amendment" as a motion to amend. In light of my decision to grant Defendant's motion to dismiss, Plaintiff's motion to amend shall be denied as moot. I further note that the contents of Plaintiff's motion appear to be at best tangentially related to the allegations in her complaint and her claim against Defendant. Accordingly, they have no persuasive bearing on my resolution of Defendant's motion.